McFarland, J.,
delivered the opinion of the Court.
The complainant seeks by this bill. to reach the equitable interest owned by the defendant, M. E. C. *46 Walker, in certain real estate, to satisfy a judgment in his favor, upon which execution had been returned nothing found. Said M. E. C. Walker purchased the land from John W. Talley, and holds his bond for title upon the payment of the purchase money, a portion of which remains unpaid. M. E. C. Walker is a widow and the head of a family, residing upon the land, and claims it as exempt from execution, it being all the land she owns. The question principally argued is, whether or not the Act of 27th June, 1870, exempting from execution, in the hands of heads of families, land and improvements to the value of $1,000, was intended to apply to contracts executed before its passage; and if so, is the Act in conflict with any constitutional limitation ?
This question we leave to be determined when it more strictly arises. The record in this case shows that the note or contract upon which the complainant’s judgment was rendered, was executed by Mrs. Walker on the 17th February, 1869.
On the 28th March, 1868, an Act was passed, which took effect from its passage, the first section of which repeals sec. 2115 of the Code — the second section is, “ That the homestead of any housekeeper or head of a family residing in this State, to the value of one thousand dollars, instead of $500 as now provided by law, consisting of a dwelling house and out buildings, and land appurtenant, occupied by such person as a homestead, shall be exempt from • execution or attachment for the debts of any such head of a family or housekeeper.”
*47 Section 3 provides that the Act shall apply as well to equitable as legal estates, but shall not apply as against unpaid purchase money, nor to contracts entered into before its passage.
The Code provides for the exemption of a homestead to the value of $500; but sec. 2115 required a ■declaration of intention to claim the exemption, to be made out and recorded, as therein provided. As we have seen, this section 2115 was repealed by the Act above quoted, and thus left the Act exempting one thousand dollars’ worth of real estate and occupied as a homestead, in the hands of a head of a family, without requiring any declaration of intention to be registered, or placing other restrictions upon the exemption. As the contract in question was entered into after the passage of this Act, the' land is necessarily exempt, unless the Act has been repealed. We find that the Act remained in force until the passage of the Act of 29th of June, 1870. The 9th section of this last named Act in terms repeals the Act above quoted — Act of 12.th March, 1868 — but the 1st and 2d sections of the repealing Act, (29th June, 1870), reenacts the substance of the former Act, with some modifications following, not material to be noticed. The modifications and changes do ‘not affect the rights claimed by Mrs. Walker in this case. .So it results, that from the 12th March, 1868, previous to the contract with the complainant, the law has . made the exemption in favor of persons coming within its provisions — that this exemption has ever since . remained in *48 force. It is shown that the land in value falls short of one thousand dollars;
Note by Kebobxeb. — In the case of Scmnwm v. Mclnturf, opinion of the court delivered by Fbeeman, J., decided at Knoxville, Sept. 21,1872, the constitutional question suggested in the foregoing decision arose. The court held in that case, that a State cannot exempt a homestead subject tc execution at the time a contract is entered into, from seizure under an execution to satisfy a judgment obtained upon the contract. To do so, would impair the obligation of the contract.
The Chancellor decreed for the complainant — the decree will be reversed and the bill dismissed, with costs.